While I am troubled by the trial court's failure to include the statutorily required notice language in the notice for the Motion for Permanent Custody, I concur with the majority as to the disposition of the first assignment of error. I do so based on the failure of the appellant to provide a transcript to us and failure to notify appellee, pursuant to Appellate Rule 9(B) of the failure to include the entire transcript.
The notices for the Motion for Permanent Custody do not contain the statutorily required language explaining the consequences of granting permanent custody to MCCS. Had this been a complaint for permanent custody instead of a motion for permanent custody, the failure to include such language would preclude the granting of permanent custody. See O.R.C. Sec. 2151.353(B). But since it was a motion for permanent custody, the failure to include that language would not preclude the granting of permanent custody if it is clear from the record that the appellant waived said notice. A valid waiver would require a showing that the appellant went forward with the permanent custody trial being fully aware of what was at stake. While it is not appellant's duty to destroy appellant's own case by obtaining a transcript which might arguably establish a waiver, it is appellant's duty to notify appellee that all or part of the transcript is not going to be included in the record. In other words, I would find that waiver is something that appellee should have shown to us in the record, but appellee's duty to obtain the transcript was not triggered in this case.
In addition, the record does establish that appellant was represented by counsel, that this case was an ongoing case where appellant knew what was expected of her under a case plan to get her children back, that witnesses testified and that a guardian ad litem's report was submitted to the trial court. These factors all raise the presumption that the appellant understood the potential consequences of the permanent custody proceedings.
I concur with the disposition of the second assignment of error because there is no record to establish that the GAL report was filed untimely.